Clifford JOHNDROW, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 4:02CV734 DDN.

United States District Court, E.D. Missouri, Eastern Division.

Sept. 24, 2002.

Andrew A. O'Brien, Christopher J. Thoron, St. Louis, MO, for plaintiff.

Douglas G. Smith, Kirkland and Ellis, Chicago, IL, John D. Warner, Jr., Gault and Warner, Clayton, MO, for defendant.

## MEMORANDUM AND ORDER OF REMAND

NOCE, United States Magistrate Judge.

This removed action is before the court upon the motion of plaintiff Clifford Johndrow to remand the action to the Circuit Court of the City of St. Louis and upon the motion of removal defendant General Motors Corporation (GMC) to transfer the action to the United States District Court for the District of Delaware for participation in bankruptcy litigation regarding Federal–Mogul Global, Inc. (Federal–Mogul). A hearing was held on July 31, 2002.

### Background

Plaintiff Johndrow commenced a civil action in the Circuit Court of the City of St. Louis against several defendants, including GMC.[1] The complaint alleges that, as a result of his work-related exposure to asbestos-containing products, he contracted pleural plaques-asbestosis. He seeks substantial monetary damages.

Under 28 U.S.C. § 1452(a), GMC removed only plaintiff's claim against it to this court on May 21, 2002, and moved to transfer the claim to the district court in Delaware in order to resolve, on a consolidated basis, the common scientific issue concerning whether its products, manufactured by Federal–Mogul, cause asbestosis.

GMC argued that its motion to transfer is moot, because all claims related to the Federal–Mogul bankruptcy proceeding have been transferred to the Delaware court by that court, and, therefore, Johndrow's claim against it is no longer pending before this court. It further contended that the Fifth and Seventh Circuits recently ruled on this issue and granted mandamus to reverse remand orders identical to the one Johndrow requests, and

that Johndrow's motion to remand should be denied. Johndrow argues that the federal court in Delaware has already remanded the claim and that no action need be taken by this court.

### History of the Transfer Order

On December 10, 2001, District Judge Alfred M. Wolin, sitting by designation in the Delaware district court, issued an order in the Federal–Mogul bankruptcy proceedings provisionally transferring all friction-product claims asserted against the automobile manufacturers to the Delaware court pursuant to 28 U.S.C. § 157(b)(5). (Doc. No. 1 Ex. C.)

On January 3, 2002, Judge Wolin issued another order to clarify the December 10 order. Judge Wolin held that (1) only claims against the moving friction-product defendants were affected by the provisional transfer order, (2) the order did not authorize "wholesale removal" of an entire case; and (3) the order also did not "purport to bind" any transferor district court in which the balance of a case may still be pending following an improvident, overbroad removal. The "only claims transferred to this court," Judge Wolin added, are those that have "already been removed" to federal court on the date the relevant provisional transfer order was entered. (*Id.* Ex. D.)

Judge Wolin stated in his second order that, "the provisional transfer orders were entered by the court in reliance on the representation that the friction product defendants had already removed or were in the process of removing the claims against them." The court order specifies "any friction product claim now removed to federal court that would have been subject to one of the extant provisional transfer or-

---

1. Plaintiff does not name Federal–Mogul in the complaint, nor does GMC bring a third-party complaint against Federal–Mogul Global for indemnification.

ders had removal been timely will also be provisionally transferred to this court." (*Id.*) This order does not include or specify any future claims against friction-product defendants.

On February 8, 2002, after reviewing the parties' submissions and hearing argument on the provisional transfer order, Judge Wolin denied the motions to transfer the friction-product claims. He held that the Delaware court lacked subject matter jurisdiction over the claims, because they "were not related to" the Federal–Mogul bankruptcy under 28 U.S.C. § 1334(b). He ordered all friction-product claims remanded to the state courts whence they came. (*Id.* Ex. E.)

The automobile manufacturers sought mandamus review of Judge Wolin's remand order in the United States Court of Appeals for the Third Circuit. On February 11, 2002, the appellate court temporarily stayed the remand order so that a three-judge panel could consider the matter. On July 31, 2002, the Third Circuit denied the writ of mandamus. *In re Federal–Mogul Global, Inc.*, 300 F.3d 368 (3d Cir.2002), *stay denied,* —— U.S. ——, 123 S.Ct. 14, 153 L.Ed.2d 877 (2002).

### Arguments

GMC originally asserted in its transfer motion that the friction-product claims would directly affect Federal–Mogul's rights, properties, and liabilities; that as a result, GMC and other automobile manufacturers would have "thousands of claims for indemnification and contribution against Federal–Mogul, which will significantly impact the bankruptcy estate"; and that this court therefore should transfer the instant claim pursuant to 28 U.S.C. § 157(b)(5). GMC further asserted that centralization of the claims related to brakes and other automotive parts would facilitate the efficient administration of the

Federal–Mogul bankruptcy case and would prevent an "untenable free-for-all" in courts nationwide. (Doc. No. 1 Ex. A.)

GMC opposed plaintiff Johndrow's motion to remand or abstain, contending that this court no longer has jurisdiction and averring that the claim has been transferred to the Delaware court. The rest of GMC's arguments have been mooted by the most recent orders of the Delaware district court, the Third Circuit, and the Supreme Court, described and cited above.

Plaintiff asserts that, even if this court has jurisdiction over its claim against GMC, his claim is not inextricably intertwined with Federal–Mogul's bankruptcy and the court should decline to entertain jurisdiction under 28 U.S.C. § 1334. Finally, he contends that equitable grounds, e.g., judicial economy, *forum non conveniens,* and comity considerations, justify remand. (Doc. No. 7.)

### Discussion

This case is similar to another case recently decided in this district, *Gosnell v. Honeywell Int'l, Inc.*, Nos. 4:01–CV–2042, 2043, 2044 (consolidated) (E.D.Mo. Jan. 17, 2002). In *Gosnell,* the court noted the following factors relevant to its consideration under § 1452(b): whether remand would prevent duplication or uneconomical use of judicial resources; the effect of remand on the administration of the bankruptcy estate; the existence of a right to a jury trial; whether state law issues predominate and would be better resolved by a state court; prejudice to the involuntarily removed parties; and the predominance of non-debtor parties. *Id.* at 7; *see also In re Asbestos Litig.*, 271 B.R. 118, 125 (S.D.W.Va.2001) (additionally listing as factors effect of bifurcating action, including whether remand will increase or decrease possibility of inconsistent results, and expertise of the court in which action

originated). Similar factors apply to abstention under § 1334(c)(1). *See In re Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993). Although, *Gosnell* did not address the provisional transfer order or the Third Circuit's temporary stay, it is worth noting that the removing defendants filed an emergency motion to vacate the January 17, 2002, decision. The court stated that the removing defendant overstated the effect of Judge Wolin's orders. (Doc. No. 7 Ex. G.)

In addition to the factors discussed above, the most compelling reason for remand is the recent Third Circuit decision which provided a thorough review and history of friction-product claims to date. Specifically, the Third Circuit reviewed the Delaware court's holding that it lacked subject matter jurisdiction, because the claims against the defendants were not "related to" the Federal–Mogul bankruptcy. The Third Circuit began by restating the holding of the Delaware court that it lacked subject matter jurisdiction (or, in the alternative, that abstention was appropriate). *In re Federal–Mogul Global, Inc.*, 300 F.3d at 375, 390–91.

The Third Circuit first addressed the arguments of the plaintiffs that the appellate court lacked jurisdiction to review the Delaware court's decision to remand in light of 28 U.S.C. § 1447(d), which provides that remand to the state court from which a case was removed is not reviewable on appeal or otherwise. *Id.* at 377. The court also considered the plaintiffs' alternative argument that the Delaware court correctly found that it had no "related to" jurisdiction over the removed claims. *Id.*

The Third Circuit noted that the writ is an extraordinary remedy. *Id.* at 378–79. Next, the court relied on its holding in *Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984), that "related-to bankruptcy jurisdiction will not extend to a dispute between non-debtors unless that dispute, by itself, creates at least the logical possibility that the estate will be affected." 743 F.2d at 381 (internal quotes omitted). It held that, if the friction-product plaintiffs succeed in their claims, the friction-product defendants conceivably would have indemnification and contribution claims against Federal–Mogul. The court stated that, even though indemnification claims against Federal–Mogul were conceivable in the future, they had not yet accrued and would require another lawsuit before they could have an impact on Federal–Mogul's bankruptcy proceeding. The court held that the district court's ruling that it lacked subject matter jurisdiction because the friction-product claims were not related to the bankruptcy proceeding was not clear error approaching the magnitude of an unauthorized exercise of judicial power. *See id.* at 382.

The court next considered whether it had jurisdiction to review the Delaware court's decision, if the decision were construed as a remand order. After a thorough review of the legislative history concerning 28 U.S.C. §§ 1447(d) and 1452(b), and applying the statutes to the Delaware court's remand order involving claims "allegedly 'related to' a bankruptcy proceeding," it held that, "such a remand is expressly 'not reviewable by appeal or otherwise.'" *Id.* at 385. As cited above, on August 7, 2002, the Supreme Court denied a motion to stay the Third Circuit's ruling.

This court concludes, based on the Third Circuit's recent denial of a writ of mandamus, and its holding that it lacked jurisdiction over the appeal of the remand order, that Judge Wolin's February 8, 2002, remand order has gone into effect.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendant General Motors Corporation to transfer the action and of plaintiff Clifford Johndrow to remand or abstain are denied as moot; nevertheless,

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of the City of St. Louis, Missouri.